# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20603
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REBECCA LEE RABON,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-48-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Rebecca Lee Rabon pleaded guilty pursuant to a plea agreement of conspiracy to commit health care fraud, five counts of health care fraud, and aiding and abetting. She was sentenced at the bottom of the guidelines range to a total term of imprisonment of 151 months; concurrent three-year periods of supervised release were imposed; and she was ordered to pay restitution in the amount of $1,297,644.71.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20603

Rabon contends that the Government breached the plea agreement by opposing her objection to the lack of an adjustment in her sentencing guidelines offense level for acceptance of responsibility.  She concedes that our review is for plain error.  *See United States v. Hinojosa*, 749 F.3d 407, 411, 413 (5th Cir. 2014).  To establish plain error, Rabon must show a forfeited error that is clear or obvious and that affects her substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If she makes such a showing, we have the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

"The Government must strictly adhere to the terms and conditions of its promises in a plea agreement."  *United States v. Harper*, 643 F.3d 135, 139 (5th Cir. 2011).  General principles of contract law are applied in interpreting the terms of a plea agreement.  *United States v. Long*, 722 F.3d 257, 262 (5th Cir. 2013).  In resolving if a breach occurred, we consider whether the Government's conduct was "consistent with the defendant's reasonable understanding of the agreement."  *Hinojosa*, 749 F.3d at 413 (internal quotation marks and citation omitted).

The probation officer did not conclude that Rabon had accepted responsibility and did not recommend an adjustment for acceptance of responsibility.  Accordingly, the conditions that would have triggered the Government's obligation not to oppose Rabon's objection to the lack of such an adjustment was not met.  *See United States v. Mejia*, No. 93-2611, 1994 WL 243287, at *1 (5th Cir. May 19, 1994) (unpublished); 5TH CIR. R. 47.5.3.  Rabon has not shown that there was a clear or obvious error.  *See Puckett*, 556 U.S. at 135.  Neither has she shown that her substantial rights were affected.  *See id.*  The judgment is

AFFIRMED.

2